**IN THE COURT OF APPEALS OF IOWA**

No. 23-0386
Filed May 10, 2023

**IN THE INTEREST OF L.F.,**
**Minor Child,**

**B.F., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Story County, Stephen A. Owen,
District Associate Judge.

    A father appeals the juvenile court's permanency review order.  **AFFIRMED.**

    Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for
appellant father.

    Teresa M. Pope of Pope Law, PLLC, Des Moines, for appellee mother.

    Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney
General, for State.

    Shannon M. Leighty, Nevada, attorney and guardian ad litem for minor
child.

    Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

This appeal involves L.F., an intellectually-limited individual, who has been adjudicated a child in need of assistance (CINA) since 2018. The parents are divorced; the child is in the parents' joint legal custody and in the mother's physical care, subject to the supervision of the department of health and human services (the Department).

Two years ago, we reversed the juvenile court's order dismissing these CINA proceedings, finding "the purposes of the CINA adjudication have not been accomplished, and L.F. remains in need of juvenile court supervision." *In re L.F.*, No. 21-0002, 2021 WL 1400086, at *4 (Iowa Ct. App. Apr. 14, 2021).

One year ago, this court affirmed the juvenile court's decision not to terminate the CINA proceedings. *In re L.F.*, No. 22-0749, 2022 WL 2348186, at *5 (Iowa Ct. App. June 29, 2022) ("Because we do not find much has changed since our earlier decision and agree with the juvenile court that 'sustaining the [permanency] goal and planning for ongoing permanency under the unique circumstances of this case requires the court's aid,' we affirm the juvenile court's decision.").

A permanency review hearing was held on February 16, 2023. The State and the Department recommended the case be closed—as they had before. The father agreed with that recommendation. The mother and the child's guardian ad litem (GAL) recommended the case remain open. The GAL made this statement to the court:

> I understand the Department recommendations as they are not providing services other than monthly meetings and a safety plan. The Department is recommending case closure since maximum

benefits have been reached. I agree with the Department that there have been no concerns as it relates to the father since this matter was opened. However, this matter had been previously closed and the Iowa Court of Appeals overturned that decision finding the safety plan was a service and that the father could still admit to certain behaviors without having criminal consequences. I have not been made aware of the father making any admissions to other behaviors. I am concerned about the possible trauma to the child with any anticipated change. We are looking at the argument for case closure, possible appeal, [a hearing on the mother's petition for] modification [of visitation and child support] in May, and [L.F.] turning 18 in December. Any of these hearings could result in a change to the child's visitation and living situations. The child is doing very well at this time with the current arrangements. I do believe it is appropriate at this time to keep the CINA matter open.

On February 20, the juvenile court found the GAL's position persuasive:

The GAL's focus is [L.F.]'s best interests in maintaining the stability she has in both the mother's and father's homes. Maintaining [L.F.]'s stability in the parental homes is not merely a function of her basic needs, [L.F.] thrives on the relationships she continues to enjoy with immediate and extended family in both of these homes. She is provided a wealth of enrichment opportunities by both parents in each of their homes. The current situation provides the best opportunity for [L.F.] to transition to the age of majority later this year. [L.F.]'s best interests are being served by both parents differently, but in [L.F.]'s best interests in each of their homes.

[L.F.] is not removed from either parent. The current permanency order was entered April 18, 2022, placing legal custody of [L.F.] with both parents under [Iowa Code] section 232.104(2)(a) [(2022)]. There is no motion before the court today to terminate the proceedings under section 232.103, there are only recommendations to close the case. The juvenile court's jurisdiction is a function of statute. While the jurisdiction of the juvenile court is intended to be temporary, a child's best interests is the prime consideration of the juvenile court.

. . . .

[L.F.] enjoys a rich and fulfilling life with both of her parents. This should be protected. While the parents may have substantially different opinions about [L.F.]'s care, they are able to co-parent her appropriately in order to continue to provide her a fulfilling life despite the limiting effects of her special needs. The court finds that [L.F.] is safe in both homes. Continuation of the court's order protects [L.F.]'s ability to enjoy the ongoing benefits of fulfilling communities of family and friends at both homes. Continuation of the court's order also protects [L.F.]'s access to enrichment activities in both homes

provided to her by each parent. To that end, continuation of these proceedings will protect [L.F.]'s full access to both homes which is in her best interests now and well into the future.

The father appealed.[1] On our de novo review,[2] we come to the same conclusion as the trial court. *See In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001) (noting the court is authorized to terminate a dispositional order "only if 'the purposes of the [dispositional] order have been accomplished and the child is no longer in need of supervision, care, or treatment'" (alteration in original)). In light of all that has come before, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e) (permitting a memorandum opinion when "[a] full opinion would not augment or clarify existing case law").

**AFFIRMED.**

---

[1] The State did not file a notice of appeal and informs it will not file a response defending the juvenile court order given the Department's position supporting case closure. The mother has timely responded and we consider her arguments in this appeal.

[2] *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002) (noting standard of review).